IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TROY LEE PERKINS #1480826 | § | |
| v. | § | CIVIL ACTION NO. 9:13cv98 |
| SHANDA COLLINS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Troy Perkins, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Perkins complained of an incident occurring on November 17, 2011, in which he was allegedly the victim of retaliation by being locked in the "multi-purpose room" for two hours, causing him to miss a law library session, his last meal of the day, and a dose of psychiatric medication. Officer Collins told other people that she "hoped Perkins died in there."

After review of the pleadings, the Magistrate Judge issued a Report on June 21, 2013, recommending that the lawsuit be dismissed pursuant to the three-strikes provision of 28 U.S.C. §1915(g). The Magistrate Judge observed that Perkins had previously filed three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief may be granted, and thus is barred from proceeding *in forma pauperis*; instead, Perkins must pay the full filing fee at the institution of his case or show that he is in imminent danger of serious physical injury as of the time of the filing of the lawsuit. Because Perkins did neither of these, the Magistrate

Judge recommended that Perkins' *in forma pauperis* status be revoked and that the lawsuit be dismissed.

Perkins filed a response to the Magistrate Judge's Report stating that he does not wish to have his family pay $400 so that the Court "can find other ways to defend unconstitutional actions of a Negro." After a number of other racially charged assertions, Perkins states that "you can just dismiss my action for want of prosecution - I'm done with you Negro lovers."

Perkins did not object to any of the proposed findings or conclusions of the Magistrate Judge; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings in this case as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff Troy Perkins' *in forma pauperis* status be and hereby is REVOKED. It is further ORDERED

ORDERED that the above-styled civil action is hereby DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $400.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** on July  21 , 2013.

_____
Ron Clark, United States District Judge